UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY )<br>*as subrogee of* Spaulding & Slye Construction )<br>Company, Inc., )<br>                                                    )<br>            Plaintiff,              )<br>                                                    )<br>v.                                               )<br>                                                    )<br>ARCH INSURANCE GROUP, INC.,         )<br>as the Insurer of Limbach Company, and )<br>LIMBACH COMPANY, LLC,              )<br>                                                    )<br>            Defendants.          )  | Civil Action No. 11-11315<br><br>COMPLAINT |

## PARTIES

1. The Plaintiff, **Liberty Mutual Insurance Company** ("Plaintiff"), is a Massachusetts corporation with a principle place of business in Boston, Massachusetts and, at all relevant times, was doing business in the Commonwealth of Massachusetts and, by Court Order (*infra*), was caused to pay out $408,427.82 in the defense and indemnification of Spaulding & Slye Construction Company, Inc. ("Spaulding & Slye").

2. The Defendant, **Arch Insurance Group, Inc.** ("Defendant"), is a Delaware corporation with a principle place of business at One Liberty Place, 53rd Floor, in New York, New York and, at all relevant times, was doing business in the Commonwealth of Massachusetts and provided relevant insurance coverage for Limbach Company, LLC.

3. The Defendant, **Limbach Company, LLC** ("Limbach"), is a Delaware Limited Liability Company with a principle place of business at 31-35th Street in Pittsburgh, Pennsylvania, and, at all relevant times, was doing business in the Commonwealth of Massachusetts.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to a diversity of citizenship that is in accord with 28 U.S.C. § 1332(a) with an amount in controversy in excess of $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. This is a Breach of Contract action brought by Liberty Mutual Insurance Company (who was Ordered in an underlying action to defend and indemnify a co-defendant in that action, Spaulding & Slye) against the present Defendants, Arch Insurance and their insured, Limbach, (who were contractually bound to the same obligations of defense and indemnity) for their failure to pay their fifty percent portion of the final settlement reached between Spaulding & Slye and the underlying Plaintiff.

7. The underlying suit (SUCV2006-02231) arose out of a personal injury suit that had been filed by Steven Vickers ("Vickers"), a pipefitter employed by an HVAC subcontractor, Limbach, on a construction project located at 125 High Street in Boston, Massachusetts ("project") who was injured when he allegedly tripped over debris left at the job site.

8. Limbach was insured by Arch Insurance at the time of Mr. Vickers' alleged injury.

9. Vickers filed his action against the general contractor on the project, Spaulding & Slye, and the drywall subcontractor alleged to have left the debris at the job site, New England Finish Systems, LLC ("NEFS"). See Superior Court Docket, Ex. A.

10. As a condition precedent to each subcontractors employ at the project, Spaulding & Slye had required each to sign contracts which included an agreement to indemnify and defend Spaulding & Slye against lawsuits arising out of the subcontractor's work.

11. NEFS and Limbach each signed the agreement to defend and indemnify Spaulding & Slye against suits such as the one brought by Vickers.

12. Since Vickers had been in the course of his employment duties with Limbach at the time of his injury, Arch Insurance, as Limbach's insurance carrier, had *voluntarily agreed* to take on Spaulding & Slye's defense under Limbach's policy.

13. Liberty Mutual *had not* voluntarily agreed to indemnify or pay for Spaulding & Slye's defense because NEFS had denied any involvement or negligence on its part in relation to Mr. Vickers' alleged injury.

14. Arch Insurance, under the banner of "Spaulding & Slye," subsequently sued NEFS in crossclaim for defense and indemnification, and shortly thereafter moved for partial summary judgment.  See Superior Court Docket at 7, Paper No. 33, Ex. A.

15. The Superior Court allowed [Arch Insurance's/]Spaulding & Slye's motion and held that NEFS owed full defense and indemnification to Spaulding & Slye.

16. As a result of the Superior Court's Order, Liberty paid *all* of Spaulding & Slye's defense fees, assumed their defense, and indemnified them for Vickers' claims at the time of settlement.

17. The settlement of the underlying suit was approved by the Superior Court on December 18, 2009.  See Superior Court Docket at 7-8, Ex. A.

18. As a result of the underlying claim's settlement, Liberty Mutual paid a gross sum of $300,000.00 to Steven Vickers on behalf of Spaulding & Slye.

19. As a result of being made to cover the defense costs associated with Spaulding & Slye, Liberty Mutual paid an additional $108,427.82.

20. In this action, and as a result of its defense and indemnification of Spaulding & Slye,

Liberty Mutual now seeks reimbursement from Arch Insurance for the following amounts:

a. $150,000 which accounts for half of the $300,000 gross settlement paid.

b. $54,213.91 which accounts for half of the total defense costs ($108,427.82) associated with Spaulding & Slye's defense.

### **COUNT I**
### **Liberty Mutual v. Arch Insurance**
### **(Breach of Contract)**

21. Plaintiff hereafter incorporates and re-alleges all prior facts and allegations set forth in this Complaint.

22. Arch Insurance, through its insured, Limbach, had an express duty pursuant to a written contract they had entered into with Spaulding & Slye, to defend and indemnify Spaulding & Slye against suits such as the one brought against Spaulding & Slye by Steven Vickers on May 26, 2006 in Suffolk Superior Court under Docket Number SUCV2006-02231.

23. Arch Insurance, on behalf of its insured and in initial compliance with the contract its insured had entered into, *voluntarily* assumed the defense of Spaulding & Slye in the above-named Superior Court action.

24. Though Arch Insurance, on behalf of its insured, Limbach, had initially complied with said duty by *voluntarily* defending Spaulding & Slye, they filed a cross-motion for summary judgment on behalf of Spaulding & Slye which, by the Superior Court's allowance, permitted them to foist Limbach's obligation onto NEFS and, by way of NEFS's contract of insurance coverage, upon NEFS's carrier, Liberty Mutual.

25. Once the settlement of the underlying Superior Court action was complete, Liberty Mutual demanded a fifty percent reimbursement of the settlement and defense costs

associated with Spaulding & Slye from Limbach and Arch Insurance which was refused.

26. By their refusal to cover their fifty percent share of the settlement amount and defense costs associated with defending Spaulding & Slye, Arch Insurance, through its insured, Limbach, and despite their initial *voluntary* act of defending them and agreeing to indemnify them, breached their contractual duty to defend and indemnify Spaulding & Slye and also breached Massachusetts Common Law.

27. Arch Insurance, through its insured, Limbach's, breach of said express contractual duty and/or Massachusetts Common Law, was the direct and/or proximate cause of financial damages that were suffered by Liberty Mutual as a result of their insured's Court-ordered defense and indemnification of Spaulding & Slye.

28. As a result of this incident, Liberty Mutual, as Spaulding & Slye's Court-ordered insurer, is entitled to recover for the financial damages suffered as a result of Arch Insurance, through its insured, Limbach's, breach of contract with Spaulding & Slye.

29. As a result of Arch Insurance's act of contractual breach on behalf of their insured, Limbach, Liberty Mutual was caused to pay out and bear the full burden of $300,000 in a Gross Settlement of Mr. Vickers' claims and $108,427.82 in costs associated with the defense of Spaulding & Slye.

30. Because said amounts were paid by Liberty Mutual pursuant to its contract of insurance with NEFS as expanded by the Superior Court's Order to include Spaulding & Slye, it is now entitled to and now does, "stand in the shoes of" Spaulding & Slye as subrogee of its entitlement to recoup half of the monies paid on behalf of Spaulding & Slye in defense and indemnification of the underlying Superior Court action.

**REQUEST FOR RELIEF**

31. That this court, under Count I, enter judgment in favor of the Plaintiff against the Defendant in the amount of $204,213.91.

32. For such other relief as this Court deems appropriate.

**COUNT II**
**Liberty Mutual v. Limbach**
**(Breach of Contract)**

33. Plaintiff hereafter incorporates and re-alleges all prior facts and allegations set forth in this Complaint.

34. Limbach had an express duty, pursuant to a written contract they had entered into with Spaulding & Slye, to defend and indemnify Spaulding & Slye against suits such as the one brought against Spaulding & Slye by Steven Vickers on May 26, 2006 in Suffolk Superior Court under Docket Number SUCV2006-02231.

35. Limbach initially complied with the contract it had entered into by *voluntarily* assuming the defense of Spaulding & Slye in the above-named Superior Court action.

36. Despite Limbach's initial *voluntary* compliance with said duty, they filed a cross-motion for summary judgment on behalf of Spaulding & Slye which, by the Superior Court's allowance, permitted them to foist their own obligations onto NEFS and, by way of NEFS's contract of insurance coverage, upon NEFS's carrier, Liberty Mutual.

37. Once the settlement of the underlying Superior Court action was complete, Liberty Mutual demanded a fifty percent reimbursement of the settlement and defense costs associated with Spaulding & Slye from Limbach and Arch Insurance which was refused.

38. By their refusal to cover their fifty percent share of the settlement amount and defense

costs associated with defending Spaulding & Slye, Limbach, despite their initial *voluntary* act of defending them and agreeing to indemnify them, breached their contractual duty to defend and indemnify Spaulding & Slye and also breached Massachusetts Common Law.

39. Limbach's breach of said express contractual duty and/or Massachusetts Common Law, was the direct and/or proximate cause of financial damages that were suffered by Liberty Mutual as a result of their insured's Court-ordered defense and indemnification of Spaulding & Slye.

40. As a result of this incident, Liberty Mutual, as Spaulding & Slye's Court-ordered insurer, is entitled to recover for the financial damages suffered as a result of Limbach's breach of contract with Spaulding & Slye.

41. As a result of Limbach's breach, Liberty Mutual was caused to pay out and bear the full burden of $300,000 in a Gross Settlement of Mr. Vickers' claims and $108,427.82 in costs associated with the defense of Spaulding & Slye.

42. Because said amounts were paid by Liberty Mutual pursuant to its contract of insurance with NEFS as expanded by the Superior Court's Order to include Spaulding & Slye, it is now entitled to and now does, "stand in the shoes of" Spaulding & Slye as subrogee of its entitlement to recoup half of the monies paid on behalf of Spaulding & Slye in defense and indemnification of the underlying Superior Court action.

**REQUEST FOR RELIEF**

43. That this court, under Count II, enter judgment in favor of the Plaintiff against the Defendant in the amount of $204,213.91.

44. For such other relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
Plaintiff,
By their Attorney:

 /s/ John J. Bromley_____
John J. Bromley, B.B.O. No. 672134
LAW OFFICES OF BROWN & BLACK
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 867-4707
john.bromley@libertymutual.com

July 24, 2011